## MARTIN v. BENZIE CIRCUIT JUDGE.

1. HABEAS CORPUS—RES JUDICATA—MINORS—RIGHT TO CUSTODY—PARENT AND CHILD.

    A final adjudication on writ of habeas corpus, brought to determine the right of a parent or guardian to the care and custody of a child, conclusively determines all questions necessarily involved as between the same parties and upon the same state of facts, but is no bar to a later proceeding under changed conditions.

2. SAME — MANDAMUS — RES JUDICATA — CHANGED CONDITIONS — HEARING UPON MERITS.

    Mandamus will issue to compel the court below to grant a hearing upon the merits of a petition for a writ of habeas corpus by a father for the custody of his child, although a previous adjudication was against him, where the petition alleged that conditions had materially changed since the former proceeding.

Mandamus by Harley Martin and another to compel Charles B. Collingwood, acting circuit judge of Benzie county, to grant a hearing upon a writ of habeas corpus. Submitted February 12, 1918. (Calendar No. 27850.)   Writ granted March 27, 1918.

*Parm C. Gilbert* (*Thomas Smurthwaite,* of counsel), for plaintiffs.

*Marion G. Paul* (*W. E. Daines,* of counsel), for defendant.

KUHN, J. This proceeding involves the right of a father to prosecute a writ of habeas corpus to obtain the custody of his own daughter.

Leola Martin, the child here in question, was born on or about November 4, 1913, and is the daughter of Harley Martin, one of the plaintiffs herein, and of Vera Martin, who died at the birth of the child. After the mother's death, an arrangement was made by the father with Cassius and Isabella Chandler (Cassius Chandler being the brother of the mother of the child) to take the child to their home. There was no special contract made, written or otherwise, and no adoption. The father lived for a short time with the Chandlers on their farm, but trouble arose between them and he left. He afterwards began proceedings in the circuit court for Benzie county to obtain possession of his child. Shortly before the hearing with reference thereto, Harley Martin married his present wife, the plaintiff Nellie Martin, and after a hearing before the Hon. Fred S. Lamb, circuit judge, the court decided that the best interests of the child would be conserved by leaving her with the Chandlers, her uncle and aunt.

About a year after this first hearing, Harley Martin again presented a petition and obtained a writ of habeas corpus from Judge Lamb, to which proceeding objections were presented by the respondents Cassius

and Isabella Chandler, who made a motion to quash the proceedings, claiming in substance that the prior proceeding in 1915 was a bar to the present hearing and that the latter writ issued must be quashed and the present petition dismissed. This motion came on for hearing before the present respondent, Hon. Charles B. Collingwood. On this hearing, the respondent granted the motion and filed a written order to that effect, which appears in the record. Mandamus is asked for in this proceeding to compel the circuit judge of Benzie county to proceed with the hearing upon the writ of habeas corpus and that the order made by respondent be vacated and that the plaintiff be granted a hearing.

The merits of the whole controversy are not involved here, and counsel seem to agree that the only question for determination is whether or not the plaintiffs have made a sufficient showing in their petition to entitle them to take proofs and to be heard.

The courts have made a distinction in habeas corpus cases between those brought to determine the custody of children and those brought to determine the legality of sentences of parties to imprisonment. This distinction is referred to in the case of *In re Mould,* 162 Mich. 7, and the general rule seems to be fairly deducible from the authorities that a proper final adjudication on writ of habeas corpus, brought to determine the right of a parent or guardian to the care and custody of a child, conclusively determines all questions necessarily involved as between the same parties and upon the same state of facts. For a review of the authorities, see note in *Re King,* 67 L. R. A. 783 (66 Kan. 695). This petition is filed, however, upon the theory that a new condition has arisen materially different from that existing when the former adjudication was had. The petition alleges:

"That upon the decision of said court in November,

1915, and thereafter said Chandlers failed to observe and obey said order and have not granted to the said Harley Martin the right to freely visit his child at their home nor welcome him there, but have purposely and unlawfully interfered therewith, as shown by the allegations of the present petition of these plaintiffs, Exhibit D, hereto annexed.

"That it has lately come to the knowledge of plaintiffs that the said Cassius Chandler is not a man of integrity and honesty, and that the practice of said Chandler in defaming the said plaintiffs, and particularly the said Harley Martin, has but recently come to the knowledge of these plaintiffs, and that likewise the later treatment of the said Harley Martin by the said Chandlers and their refusal to allow him to see his child except within their own house and dooryard, and their forbidding him to take said child outside the yard and into the roadway and to his own home or any place for a visit, which plaintiffs allege they have continually done (all of which is referred to in the present petition of said plaintiffs), constitutes such new facts and charges as to entitle these plaintiffs to a present hearing upon said petition."

The courts should, and have always had in mind, in the determination of the vexing questions arising concerning the custody of a child, the best interests of the child and also the natural and humane feelings and sentiments of the parents. We are not, in this case, however, called upon to review the determination of the learned circuit judge who first decided the case upon its merits, and who had in making that determination the advantage of seeing the parties in court and hearing the testimony from the witness stand. The sole question here is, Should there be another hearing upon the merits as to the claimed changed conditions alleged in the new petition filed and on which the new writ of habeas corpus was allowed? In our opinion, the charge as to a change in the conditions was sufficient to warrant an investigation. If found true, the charge that the Chandlers were

seriously prejudicing the child against its father is one that is vital and of serious importance. The superior right of the parent to the child should only be enforced when it accords with the best interests of the child. As was said by Chief Justice STEERE in the case of *In re Gould,* 174 Mich. 673:

"The leading principle being that, when the right of the parent is not clear and imperative, the best interests and happiness of the child must always control the decision of the court."

Whether or not the alleged conduct of those now in charge towards the father seriously affects the best interests of the child, cannot be determined until the proofs have been taken and the case heard on its merits. The learned circuit judge, the respondent herein, in his return, states that he is constrained to hold that no substantial change in the facts and circumstances surrounding the child or affecting its welfare has taken place since the former trial. This conclusion, however, in view of the charge made, it seems to us can only be determined after the introduction of the testimony. It may be that after the proofs have been taken, the court may still be of the opinion that the conclusion reached in his return is a proper one; but upon the petition as presented, we are constrained to hold that the plaintiffs were entitled to a hearing and an opportunity to present their proofs. The writ will, therefore, issue as prayed for, and the circuit court is instructed to proceed to a hearing on the writ of habeas corpus issued.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.