## DE VRIES v. DE VRIES.

1. Divorce—Limited Divorce—Absolute Divorce—Appeal and Error.

Where, in suit for divorce from bed and board under 3 Comp. Laws 1929, §§ 12729, 12730, wife was offered alternative of absolute divorce or having her bill dismissed, and she accepted the latter, she is in no position to urge, on appeal, that, if denied limited divorce, she is entitled to absolute divorce.

2. Same—Whether Limited Divorce Should be Granted is Controlled by Evidence—Public Policy.

Whether wife should be granted divorce from bed and board under 3 Comp. Laws 1929, §§ 12729, 12730, is controlled by

what evidence discloses is for best interest of parties and not by their desire, and, to some extent, is governed by matters of public policy.

**3. Same—Appeal and Error.**

Decree denying wife divorce from bed and board, which was proper under record, is affirmed, on appeal, without prejudice to her right to institute proceedings in circuit court for absolute divorce.

Appeal from Kent; Brown (William B.), J. Submitted June 3, 1931. (Docket No. 51, Calendar No. 35,632.) Decided October 5, 1931.

Bill by Hendrina De Vries against Herman De Vries for divorce. Cross-bill for divorce by defendant. Bill and cross-bill dismissed. Plaintiff appeals. Affirmed.

*Willis B. Perkins, Jr.,* for plaintiff.

*McAllister & McAllister,* for defendant.

North, J. Plaintiff instituted proceedings for absolute divorce charging her husband with extreme cruelty. He answered, and by cross-bill alleged extreme cruelty on the part of plaintiff and prayed for divorce from the bonds of matrimony. Ten months after filing her bill of complaint plaintiff petitioned for leave to amend the prayer of her bill of complaint by asking for divorce from bed and board under 3 Comp. Laws 1915, §§ 11398, 11399 (3 Comp. Laws 1929, §§ 12729, 12730), instead of an absolute divorce. This application to amend seems not to have been presented to the court for determination until near the close of the testimony which was taken months later; and the motion was not finally passed upon until the proofs were closed and the case submitted. In his opinion the trial judge said:

"But under the circumstances of this case, my way of looking at the testimony in the case, and the decision that I have come to that I will not grant a limited divorce, I think I will say under all the circumstances that the presentation of the motion for a limited divorce comes too late, and that the court will not allow it to be filed as a part of the pleadings in the case."

Notwithstanding this ruling, the final decree as signed recites that the case was heard "upon the amended bill of complaint;" and both the bill and cross-bill were dismissed. Plaintiff has appealed and asserts in her brief "that a decree of divorce, either limited or absolute, should be granted."

The difficulty with the above contention of appellant is that the trial court repeatedly advised her counsel that she might have an absolute divorce, but under the circumstances of this case the court would not grant a divorce from bed and board. The necessary inference is that appellant refused the circuit judge's offer of an absolute divorce and accepted the alternative of having her bill dismissed. Having declined to accept an absolute divorce in the circuit court, she has no standing on that ground upon appeal to this court.

The primary question presented by appellant is whether she should have been granted a limited divorce. As noted, her application to amend her bill was under 3 Comp. Laws 1929, §§ 12729, 12730; and it is therein provided that for either of the causes mentioned "a divorce from the bonds of matrimony may be decreed * * * whenever, in the opinion of the court, the circumstances of the case shall be such that it shall be discreet and proper so to do." In this respect the action of the court is controlled by what the evidence discloses is "for the best in-

terest of the parties.'' But the disposition of the case is not controlled by the desire of the parties. To some extent it is governed by matters of public policy. *Burlage* v. *Burlage,* 65 Mich. 624.

The parties to this suit are a little past middle life and there are no minor children. We are in accord with the circuit judge's conclusion that there is no hope of reconciliation between them. Further, it is fairly inferable from the record that plaintiff's insistence upon having a decree from bed and board rather than an absolute divorce is at least to some extent prompted by vindictiveness. Denial of her application for limited divorce was proper, and disposition of the case in the circuit court is affirmed without prejudice to her right to institute proceedings in the circuit court for absolute divorce. No costs awarded on this appeal.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.