## MERTEN *v.* MERTEN.

APPEAL AND ERROR—DIVORCE—WITHDRAWAL OF CROSS-BILL.

> On defendant's appeal from decree granting divorce and dividing property on her cross-bill after denial of her motion to dismiss cross-bill, defendant *held*, not entitled, on her retiral from case and disavowal of desire for affirmative relief, to dismissal of plaintiff's bill of complaint, hence case is .remanded for reopening, further proofs and disposal of case on its merits on pleadings with cross-bill dismissed (Court Rules Nos. 1, § 2, 38, § 1 [1933]).

Appeal from Eaton; McPeek (Russell R.), J. Submitted January 6, 1937. (Docket No. 48, Calendar No. 39,287.) Decided March 1, 1937.

Bill by August Herman Merten against Minnie Merten for divorce. Cross-bill by defendant for divorce. After trial of cause and opinion of judge, defendant made motion to withdraw cross-bill. From decree on cross-bill defendant appeals. Reversed.

*Rosslyn L. Sowers,* for plaintiff.

*Carl H. Stuhrberg,* for defendant.

POTTER, J. Plaintiff filed a bill for divorce against defendant who appeared and filed an answer and a cross-bill. The case was placed at issue and tried. The trial court announced it would grant a decree to defendant upon her cross-bill, and the basis of the contemplated decree as to settlement of property matters. Defendant and appellant then sought to dismiss her cross-bill, against plaintiff's objection. This, the trial court refused to permit appellant to do and entered a decree in accordance with his findings, and from this decree defendant appeals.

Defendant bases her right to dismiss her cross-bill upon Court Rule No. 38, § 1 (1933), which provides: "The plaintiff may, at any time, upon notice to the defendant or his attorney, and on the payment of costs, discontinue his suit by order filed in the cause, except where a recoupment or a set-off is asserted by the defendant" when construed in connection with Court Rule No. 1, § 2 (1933), which provides:

"The provisions of these rules shall apply alike to law and chancery cases and proceedings except when it clearly appears that they apply to either law or chancery cases only."

Appellee says that appellant may not file an answer in the nature of a cross-bill in the divorce case and appeal to the jurisdiction of the court to grant her relief and then, after the case is tried and decree directed awarding her such divorce and making division of the property between herself and the appellee, dismiss her cross-bill because dissatisfied with the outcome thereof. Appellee relies upon *Castator v. Boyes & Blandford Co.,* 221 Mich. 591; *Pear v. Graham,* 258 Mich. 161.

Defendant, by refusing to abide by the result of the trial and retiring from the case, disavowing her desire for affirmative relief, is not entitled to have the plaintiff's bill of complaint dismissed, and it is not dismissed. We think the decree of the trial court should be reversed, and the case remanded to be reopened to enable plaintiff to take such further proofs as he may desire that the case may be disposed of on its merits on the pleadings as they now stand. It is so ordered. Costs will abide the final decree.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.