GOODSPEED *v.* GOODSPEED.

1. DISMISSAL AND NONSUIT—COURT RULES—WITHDRAWAL OF CROSS BILL IN SUIT FOR DIVORCE.

In husband's suit for divorce wherein issue was joined upon bill, answer, and plaintiff's reply and upon defendant's cross bill and plaintiff's answer thereto, testimony taken, and lengthy opinion filed stating plaintiff had failed to prove case entitling him to a decree and that court would grant wife a decree on her cross bill, entry of decree withdrawing wife's cross bill without husband's consent and without payment of costs and dismissing his bill was in violation of court rule as amended before suit was commenced (Court Rule No. 38, § 1 [1933, as amended in 1938]).

2. DIVORCE—WITHDRAWAL OF CROSS BILL.

In husband's suit for divorce wherein court permitted wife to withdraw her cross bill after testimony had been taken, without husband's consent and without payment of costs after court had filed an opinion in which husband was denied relief and wife granted a divorce, such withdrawal was erroneous even though court might have denied wife's motion to withdraw cross bill and then have dismissed the bill and cross bill (Court Rule No. 38, § 1 [1933, as amended in 1938]).

3. SAME—EVIDENCE.

On review *de novo* of entire record on suit for divorce, evidence *held*, to establish in husband ample ground for divorce from his wife.

4. SAME—DIVISION OF PROPERTY—ATTORNEY FEE—COSTS.

Under testimony showing plaintiff husband owned property worth from $75,000 to $125,000 to the accumulation of which defendant had contributed nothing, proposed decree granting her $5,000 cash, an automobile, certain household goods and jewelry, and to establish a trust of debentures in a certain corporation with $30,000 face value, from which the entire net income was to be paid her, *held*, reasonable under circumstances except that she should be allowed a $1,500 attorney fee but no other costs in addition thereto.

Appeal from Kent; Brown (William B.), J. Submitted October 21, 1941. (Docket No. 93, Calendar No. 41,783.) Decided January 6, 1942.

Bill by John W. Goodspeed against Peggy R. Goodspeed for divorce. Decree allowing defendant to withdraw her cross bill, and dismissing plaintiff's bill. Plaintiff appeals. Defendant cross-appeals. Reversed and decree granted to plaintiff.

*Thomas K. Perry* and *F. Roland Allaben,* for plaintiff.

*McCobb & Heaney* and *Seth R. Bidwell,* for defendant.

BOYLES, J. Plaintiff appeals from a decree dismissing his bill for divorce. Appellant raises a preliminary question for consideration before the case can be decided on its merits, as follows: ''May a cross plaintiff withdraw her cross bill after the opinion 'of the court has been rendered and she has become dissatisfied with the property settlement proposed, without the consent of the cross defendant and without paying to cross defendant his costs?'' This question is more completely stated in appellant's brief as follows:

''Plaintiff does not challenge the right of the trial court to permit defendant to withdraw her cross bill even after opinion of the circuit judge and when she is dissatisfied with property settlement, for that seems to be the rule in this State after the case of *Merten* v. *Merten,* 279 Mich. 33 (1937). But plaintiff does challenge the court's right to do this without following the rule (Court Rule No. 38) and obtaining the cross defendant's consent and upon the payment of costs.''

The facts necessary to a decision of this question are as follows. Issue was joined upon appellant's bill of complaint, the answer and appellant's reply; and upon a cross bill filed by the defendant and the answer of plaintiff (cross defendant) thereto. The parties proceeded to trial and much testimony was taken which occupies 250 pages of the printed record. At its conclusion the court announced in a lengthy opinion that the plaintiff had failed to prove facts entitling him to a decree of divorce, and that the court would grant the defendant (cross plaintiff) a decree upon her cross bill. The court requested counsel to confer and try to work out a satisfactory agreement as to a property settlement. Apparently the parties failed to agree, whereupon the defendant, exercising her prerogative to change her mind, decided she did not want a divorce. Her counsel thereupon filed a motion to withdraw the cross bill and dismiss the bill of complaint. On hearing this motion was granted over plaintiff's objection that the cross bill could not be withdrawn without plaintiff's consent and payment of costs. The court entered a final decree withdrawing the cross bill and dismissing plaintiff's bill of complaint.

In the *Merten Case* (279 Mich. 33), decided in 1937 under circumstances essentially the same as those in the case at bar, this Court held that a defendant (cross plaintiff) might withdraw her cross bill. This decision was based upon Court Rule No. 38, § 1, Michigan Court Rules (1933), which at that time was as follows:

"Plaintiff may, at any time, upon notice to the defendant or his attorney, and on the payment of costs, discontinue his suit by order filed in the cause, except where a recoupment or a set-off is asserted by the defendant."

We held that this rule applied also to chancery cases. However, this rule was amended April 20, 1938, effective January 1, 1939, since the *Merten Case* was decided, and before the case at bar was started. The words added by this amendment are indicated below and the rule now reads as follows:

"Plaintiff may at any time, upon notice to the defendant or his attorney, and on the payment of costs, discontinue his suit by order filed in the *court*, except where recoupment or set-off is asserted by the defendant; *and except where a defendant shall have entered upon his defense in open court, unless with the consent of the defendant. The like rule shall apply in respect to a party asserting a set-off, cross bill or cross declaration.*"

In the case at bar the parties had entered upon their respective defenses in open court before the cross plaintiff moved to withdraw her cross bill. In fact, the taking of testimony had been completed by both parties and the cause submitted, before cross plaintiff sought and was allowed to withdraw her cross bill without the consent of the cross defendant and without payment of costs. The decree is in direct violation of the rule.

It is no answer to this obvious breach of the rule to say that the court might have reached the same result by denying the motion to withdraw and then entering a decree dismissing both the bill of complaint and the cross bill. This would necessarily involve the question of costs. The court allowed defendant $1,621.60 attorney fees and costs in the decree dismissing the bill of complaint. The propriety of this allowance is questioned by plaintiff and the amount is also put in issue by the defendant on a cross appeal.

Under the rule as amended, the court erred in allowing the defendant (cross plaintiff) to withdraw

her cross bill after cross defendant had entered upon his defense to the cross bill, against his objection, and without payment of costs. The case stands upon the bill and cross bill and the respective answers, with the proofs taken thereon in open court.

It would serve no useful purpose to enter into an extended discussion of the testimony. Much of it is of an unsavory character, and the respective claims of the parties have been ably set forth at length in five briefs filed by counsel. The court below, in a lengthy opinion, concluded that "the real difficulty in this case is this sex problem." The court justified defendant's conduct largely on the ground that it had been induced by plaintiff's own conduct and found defendant entitled to a decree, in the following conclusion:

"I am inclined to the view that the withdrawal of affection on the part of the husband from the wife, her living in the house with a man as she has for five years without any affection, that is a man who is married to a woman, living with her as his wife, and withdraws his affection in that way, is withdrawing from her a substantial right that she is entitled to and the withdrawal of it is substantial ground for divorce."

This ignores the question whether the plaintiff had reasonable grounds for withholding his affection. We have examined this record at length and conclude there is convincing testimony that preponderates in plaintiff's favor in that regard. There is testimony that defendant frequently drank intoxicating liquor to excess, while intoxicated became violent and abusive toward plaintiff, physically attacked the plaintiff, threw wine in his face, frequently called plaintiff vile and obscene names in the presence of others, accused him of associating with other women, threatened him with a loaded gun. At

the final separation, defendant told plaintiff not to come back or she would blow his brains out. No doubt most of this conduct was induced by intoxication, which defendant seeks to excuse by showing that plaintiff kept liquor in the home, furnished it for defendant's use, and by his conduct encouraged drinking. However, the record shows that plaintiff did not drink to excess and frequently sought to curb defendant's appetite for liquor. Much of the testimony in this regard is denied by defendant. We are convinced from a review of the entire record *de novo* that the evidence clearly preponderates in plaintiff's favor and establishes ample grounds for divorce.

The parties had been married 15 years when the bill of complaint was filed. There were no children. Plaintiff admits owning property valued at $75,000. There was testimony indicating it might have a value over $100,000, or a possible maximum of $125,000. Defendant contributed nothing to this property. In first announcing a decree for defendant, the court requested counsel to confer and prepare a decree for alimony and in settlement of property rights which would be satisfactory to both parties and the court. A proposed decree was prepared and is in the record. It would allow defendant $5,000 cash, a certain automobile and certain designated articles of household goods and jewelry, and require the plaintiff to deliver $30,000, face value, of certain debentures of the Goodspeed Realty Company to a bank, in trust, to pay over the entire net income from said trust property to the defendant. It contained a provision that if the gross income should fall below $125 per month, or should the defendant require any portion of the principal because of sickness or an emergency, the trustee should apply to the court for instructions and the court might permit the trustee to use portions of the principal.

If defendant remarried, one-half of the trust fund was to be returned to plaintiff, or, upon her death, the remaining trust property should be paid over to plaintiff, or his heirs, devisees, legatees, or assigns. Considerable testimony was taken relative to property matters and attorney fees. Obviously, the question of alimony and attorney fees presents considerable difficulty for determination by this court. On the record before us, we cannot reach any other conclusion than that the provisions in the proposed decree for property settlement and in lieu of alimony were reasonable, under the circumstances of this case. However, we feel that defendant (cross appellant) should be allowed $1,500 for attorney fees in addition to the foregoing, and the decree may so provide.

A decree may be entered granting plaintiff an absolute divorce, with provisions for property settlement and in lieu of alimony, dower and other rights arising out of the marital relation, according to the proposed decree (exhibit 1-a) in the record. The decree may contain a provision for remanding to the circuit court for any necessary subsequent proceedings in relation to the trust. Defendant (cross appellant) may have $1,500 attorney fees. No other costs allowed.

CHANDLER, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.