RATCLIFFE *v.* RATCLIFFE.

1. HUSBAND AND WIFE—SEPARATE MAINTENANCE—STATUTES—DIVORCE.
   Under the statute providing for proceeding by wife to obtain decree for separate maintenance, an absolute divorce may not be granted (3 Comp. Laws 1929, § 12794).

2. DIVORCE—STATUTES—LIMITED DIVORCE—ABSOLUTE DIVORCE.
   Under statute providing for a divorce from bed and board an absolute divorce may be granted (3 Comp. Laws 1929, § 12729).

3. SAME—PERMANENT SEPARATION—ABSOLUTE DIVORCE—PUBLIC POLICY.
   Under statute conferring authority to grant alternative relief of divorce from bed and board or absolute divorce, where case is made out for a permanent separation, it is proper to decree an absolute divorce on the grounds of public policy, and thereby prevent mischiefs arising from turning into the world, in enforced celibacy, persons who are neither married nor unmarried (3 Comp. Laws 1929, § 12729).

4. SAME—LIMITED OR ABSOLUTE DIVORCE—PUBLIC POLICY—DISCRETION OF COURT.
   Courts are not concerned with the personal desire of parties to divorce actions, and whether or not a divorce should be from bed and board or absolute where sought under statute permitting either to be granted must be determined in the light of the public policy of the State and the best interests of the parties and rests in the sound discretion of the court (3 Comp. Laws 1929, § 12729).

(488)

5. SAME—ABSOLUTE DIVORCE—AGE OF PARTIES—DISCRETION OF
COURT—RECORD.

Where there is no prospect of reconciliation of parties to suit
for divorce who were each 19 years of age at time of marriage
about two years before suit was commenced, trial judge's
decree of absolute divorce did not constitute an abuse of dis-
cretion under peculiar circumstances disclosed by record
(3 Comp. Laws 1929, § 12729).

6. SAME—AMENDMENT OF CROSS BILL—DISCRETION OF COURT—SEP-
ARATE MAINTENANCE—CONSENT OF OTHER PARTY.

Trial court's refusal to permit wife to amend her cross bill in
husband's suit for divorce so as to change permissible relief
to that of separate maintenance only, without consent of
plaintiff, did not constitute an abuse of discretion where mo-
tion was filed two months after trial was completed (3 Comp.
Laws 1929, §§ 12729, 12794; Court Rule No. 38, § 1 [1933]).

7. SAME—ALIMONY—PROPERTY SETTLEMENT—ENFORCEMENT.

The remedy for nonpayment of alimony is by contempt proceed-
ings or lien and execution.

8. SAME—MODIFICATION OF DECREE—ALIMONY—PROPERTY SETTLE-
MENT.

Alimony provisions of a decree may be revised, modified or
altered but property settlement provisions may not be changed
except on the ground of fraud or for like reasons (3 Comp.
Laws 1929, § 12748).

9. SAME—PROPERTY SETTLEMENT—ALIMONY—FORM OF DECREE—
COURT RULES.

A decree of divorce must comply with court rule requiring that
provisions for property settlement and for alimony shall be in
separate and distinct paragraphs in order to obviate confusion
and where it fails to do so, the decree is vacated and cause
remanded for compliance therewith (Court Rule No. 51, § 5
[1933]).

Appeal from Van Buren; Warner (Glenn E.), J.
Submitted January 12, 1944. (Docket No. 29, Cal-
endar No. 42,585.) Decided April 4, 1944.

Bill by Thomas F. Ratcliffe against Eloise J. Rat-
cliffe for a divorce on the grounds of cruelty. Cross

bill by defendant against plaintiff for limited divorce on grounds of nonsupport. Decree of absolute divorce for defendant. Defendant appeals. Decree vacated and cause remanded for entry of new decree.

*Fred C. Cogshall,* for plaintiff.

*Clifford A. Mitts, Jr.,* for defendant.

BUSHNELL, J. The parties hereto were married on November 2, 1939, when both were 19 years old, and attending school. Within a month following their marriage the parties separated, later resumed their marital relations for about 5 or 6 weeks and, except for periods totaling about two weeks thereafter, have not lived together since. The parties have an infant daughter.

Plaintiff Thomas F. Ratcliffe filed a bill of complaint on November 18, 1941, seeking a divorce from defendant Eloise J. Ratcliffe on the ground of extreme cruelty. The defendant filed an answer and cross bill in which she sought a divorce from bed and board under the provisions of 3 Comp. Laws 1929, § 12729 (Stat. Ann. § 25.87), on the ground of nonsupport.

The trial of the case was completed on September 1, 1942, and on November 4, 1942, prior to determination of the matter, defendant sought leave of court to amend her bill of complaint to conform to the provisions of 3 Comp. Laws 1929, § 12794 (Stat. Ann. § 25.211), or in the alternative for permission to withdraw her cross bill. Her petition was denied in a memorandum opinion filed January 12, 1943. A decree was entered dismissing plaintiff's bill of complaint and granting defendant an absolute divorce on her cross bill. The custody of the minor child was awarded to the mother.

Defendant has appealed and contends that the court erred in denying her petition to amend her cross bill so as to bring her action under section 12794, instead of section 12729, or in the alternative to withdraw her cross bill. She argues that under the circumstances the court should not have imposed a decree of absolute divorce upon her.

Had defendant in the first instance filed her cross bill under section 12794 the court could not have decreed an absolute divorce but, having proceeded under section 12729, either an absolute divorce or divorce from bed and board was permissible. *Conkey* v. *Conkey,* 237 Mich. 326, and 3 Comp. Laws 1929, § 12730 (Stat. Ann. § 25.88).

Chief Justice CAMPBELL, speaking for the court in *Burlage* v. *Burlage,* 65 Mich. 624, said:

"The statute has authorized the courts, where a case is made out for a permanent separation, to decree an absolute divorce, if it appears proper to do so. This is not done to meet the desire of the parties, but on grounds of public policy, to prevent the mischiefs arising from turning out into the world, in enforced celibacy, persons who are neither married nor unmarried. If they have scruples about remarriage, there is nothing to prevent their continuing single as long as they choose."

Courts are not concerned with the personal desire of parties to divorce actions, and whether or not a divorce should be from bed and board or absolute, under section 12729, must be determined in the light of the public policy of the State and the best interests of the parties. *DeVries* v. *DeVries,* 255 Mich. 396. The character of the decree entered in such matters "rests in the sound discretion of the court." *Sullivan* v. *Sullivan,* 112 Mich. 674.

The trial judge determined that, under the provisions of section 12730, it was "discreet and proper"

to grant an absolute divorce for the best interests of the parties. No one will be benefited by a recital of the testimony on which this determination was based. It has been considered *de novo* and, because of the peculiar circumstances disclosed by this record, we have no inclination to disagree with the conclusion reached by the trial judge, who had the advantage of hearing and observing the parties and their witnesses. We are in accord with his statement that:

"There is no prospect of reconciliation. To grant the amendment would add tragedy to tragedy, condemn the parties to enforced celibacy, turn them out neither married nor unmarried, prevent either from again marrying, and wreck and ruin their lives."

The court's refusal to permit defendant to amend her cross bill can only be set aside upon a showing that the trial judge abused his discretion. The motion to amend having been made over two months after the trial was completed, we cannot hold this denial to be an abuse of discretion. The trial court's refusal to permit the defendant to withdraw her cross bill without the consent of plaintiff was also proper and in accord with Court Rule No. 38, § 1 (1933), and *Goodspeed* v. *Goodspeed,* 300 Mich. 371.

Defendant also argues that the provisions of the decree with respect to alimony and dower are in contravention of Court Rule No. 51, § 5 (1933).

The provisions of the decree with respect to alimony and dower read as follows:

"It is further ordered, adjudged and decreed, that the plaintiff, Thomas F. Ratcliffe, pay to the defendant, Eloise J. Ratcliffe, the sum of $3,500 and same to be in lieu of alimony, allowance for the support of child, dower, and all other rights or claims aris-

ing out of the marital relation and in full for expenses of suit. Said sum of $3,500 shall be payable $500 on the 15th day of February, 1943, and $500 payable February 15th of each succeeding year until paid in full, with interest at 3 per cent. per annum, payable annually from February 15, 1943, with the privilege of paying the full amount at any time.

"It is further ordered, adjudged and decreed that the provision herein made for payment in gross to the said defendant shall be in lieu of her dower in the property of said plaintiff and in full satisfaction of all claims that she may have in any property which the said plaintiff owns or may hereafter own, or in which he has or may hereafter have any interest and that he shall hereafter hold his remaining real estate free, clear and discharged of and from any such dower right or claim."

This does not conform to the requirements of Court Rule No. 51, § 5 (1933). This rule requires that:

"In every decree for divorce wherein provision is made for a property settlement, such provision shall be embodied in a separate and distinct paragraph prefaced by the heading: 'Property Settlement.' And in every decree for divorce wherein a provision is made for alimony or for support of children or both, such provision shall be embodied in a separate and distinct paragraph prefaced by the heading: 'Alimony.'

"A circuit judge shall not sign nor shall a clerk of a circuit court file a decree of divorce which does not comply in form with the requirements of this section."

The purpose of this rule is apparent. The remedy for nonpayment of alimony is by contempt proceedings or lien and execution. A trial judge may revise, modify or alter decrees of divorce with

respect to alimony, 3 Comp. Laws 1929, § 12748 (Stat. Ann. § 25.106), but such decrees may not be modified or altered with respect to property settlements, except on the ground of fraud or for like reasons. See *Winter* v. *Winter,* 270 Mich. 707, and *McFarlane* v. *McFarlane,* 298 Mich. 595.

This court rule was adopted for the purpose of obviating confusion, such as is bound to follow from the provisions of the decree in the instant case.

The decree entered below is vacated and the cause is remanded for the sole purpose of entering a new decree in conformity with the provisions of Court Rule No. 51, § 5 (1933). Costs to appellant.

North, C. J., and Starr, Wiest, Butzel, Sharpe, Boyles, and Reid, JJ., concurred.