HORNBECK v. HORNBECK

DIVORCE—CUSTODY OF CHILDREN—EQUALLY DIVIDED COURT.
Decree of divorce which awarded custody of two-year-old girl to father and five-months-old boy to mother is not disturbed on mother's appeal, where, although Supreme Court is unanimous in affirming decree as to divorce, it is equally divided as to matter of· awarding custody of both children to the mother (3 Comp. Laws 1929, § 12852).

Appeal from Montcalm; Davis (Morris K.), J. Submitted June 5, 1946. (Docket No. 36, Calendar No. 43,407.) Decided December 2, 1946.

Bill by Marian L. Hornbeck against Clayton M. Hornbeck on grounds of extreme and repeated cruelty. After hearing and opinion of court plaintiff presented motion to dismiss. Decree of divorce entered. Plaintiff appeals. Affirmed by an equally divided court.

*Fred R. Everett,* for plaintiff.

*Brake & Miel,* for defendant.

BUSHNELL, J. This is an appeal by plaintiff Marian L. Hornbeck from a decree of divorce which was granted to her. The parties were married on November 10, 1942, and have two minor children, Charlene May and Ralph James. At the time plaintiff's bill of complaint was filed the daughter was

two years old and the son five weeks old. Plaintiff
sought custody of both children. Defendant Clay-
ton M. Hornbeck filed an answer denying that his
wife was entitled to a divorce.

After taking testimony the trial judge stated:

"A very peculiar situation exists in this case in
that the evidence indicates that the plaintiff has
taken good care of the younger child of the parties
and there is considerable evidence that she didn't
take good care of the older child.

"I am impressed with the testimony of Mr. Her-
man, who is a disinterested witness on that basis.
There will be a decree of divorce on the bill of com-
plaint. I find she is a fit person to have the custody
of the youngest child, and the custody of that child
will be awarded to her and I find he is fit person to
have the custody of the older child, and the custody
of the older child will be awarded to him."

From the colloquy that ensued it appears that
plaintiff was not satisfied with the court's disposi-
tion of the children, and no decree was then entered.
On December 17, 1945, the parties were again in
court, and the record indicates that plaintiff's coun-
sel had requested the privilege of filing a brief on
the question of the custody of the older child. The
court stated that the brief had been considered and
that a decree might be entered as had been indicated
in its opinion.

Objections to the proposed decree were filed by
plaintiff on December 31, 1945, in which her counsel
advised the court that the plaintiff did not desire
a decree of divorce.

The next matter in the record is a transcript of a
discussion at a session of the court on January 12,
1946. The trial judge said that the matter of custody
of the children had been reopened for the reason
that no special prosecuting attorney had been ap-
pointed to represent them at the time the case was

heard. Defendant's counsel was the prosecuting attorney of the county and, presumably, because of this situation the court appointed a special prosecutor. After an investigation he filed a report in which he concurred with the court's view as to custody. At this session plaintiff's counsel vigorously objected to the reopening of the case and the appointment of the special prosecutor, on the ground that testimony had already been taken. This objection was overruled; and while no formal motion to dismiss was renewed at the time it appears from the colloquy that counsel presented an order dismissing the cause, which was not signed. Plaintiff on March 8, 1946, filed a formal motion to dismiss. This was supported by plaintiff's sworn statement, which reads:

"It is my desire that this case be dismissed for the reason that I do not desire to have a decree of divorce at this time."

The decree of divorce was entered on March 13, 1946. Following the entry of the decree there appears in the record a report of the friend of the court filed on April 11, 1946, relating to the investigations he made in November and December of 1945.

We see no reason to disturb the determination of the court with respect to the custody of the children. While ordinarily a mother would be entitled to the custody of minor children under the age of 12 years, this is not a hard and fast rule. *Mott v. Mott,* 251 Mich. 576; *Riede v. Riede,* 300 Mich. 300. As repeatedly said, the controlling question is the best interests of the children. The court is open at all times to consider any representations that may be made as to their welfare.

In *Cole v. Cole,* 193 Mich. 655, and *Sweeney v. Sweeney,* 196 Mich. 240, 246, the Court discussed technical irregularities in the matter of service of

process upon the prosecuting attorney in divorce cases where there are minor children. In the *Sweeney Case* the Court said:

"We are impressed that this controversy should not be finally disposed of until the minor children are properly represented by the prosecuting attorney appearing in their behalf under the statute * which authorizes such action and requires service of process upon the prosecuting attorney in divorce cases where there are minor children. Whether his appearance was entered in this case in its inception we are not advised. It is not shown that a copy of this petition was served upon him. The purpose and spirit of the statute is that, in the public interest and for the welfare of the children, the court shall have the independent aid of disinterested counsel, impartial between the contending parties, to investigate the facts and present to the court the true situation, so far as the best interests of the children are concerned."

The requirements of the statute have been satisfied in the instant case and we will not disturb the decree because of the claimed irregularities.

It is apparent from a reading of the record that the plaintiff desired a divorce until she became aware that she could not have the custody of both children. She then changed her mind and sought to have her bill dismissed. This practice cannot be approved, particularly in the light of 3 Comp. Laws 1929, § 14335 (Stat. Ann. § 27.1081), and Court Rule No. 38 (1945), which read respectively:

"That in any civil action hereafter commenced in this State, whenever the defendant shall have entered upon his defense to the action in open court, the plaintiff shall not be allowed to discontinue his suit or submit to a nonsuit without the consent of the defendant." (3 Comp. Laws 1929, § 14335.)

---

* See 3 Comp. Laws 1929, § 12764, as amended by Act No. 44, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 12764, Stat. Ann. § 25.121).—REPORTER.

"The plaintiff may at any time, before answer filed, and on the payment of costs, discontinue his suit by notice of discontinuance filed in the cause and giving notice thereof to the defendant or his attorney. Thereafter he may discontinue, on the same terms, only (1) upon filing a stipulation to that effect signed by the defendant, or his attorney, or (2) on the order of the court or judge made on special motion in which the grounds for such discontinuance shall be set forth and which shall be supported by affidavit. After a recoupment, set-off or cross bill has been pleaded by a defendant no discontinuance against such defendant may be had except by consent." (Court Rule No. 38, § 1 [1945].)

Authorities which throw light on this subject are *Pear* v. *Graham,* 258 Mich. 161, *Goodspeed* v. *Goodspeed,* 300 Mich. 371; *Ratcliffe* v. *Ratcliffe,* 308 Mich. 488. The decree is affirmed, without costs.

CARR, BOYLES, and REID, JJ., concurred with BUSHNELL, J.

SHARPE, J. I am not in accord with the opinion of Mr. Justice BUSHNELL insofar as it relates to the custody of the children for reasons hereinafter stated.

The parties were married November 10, 1942, and later moved to the home of defendant's mother on a farm near Edmore, Michigan. As a result of the marriage two children were born, Charlene M. Hornbeck born May 1, 1943, and Ralph J. Hornbeck born in April, 1945. Defendant is 14 years older than plaintiff. He lives on a farm with his mother and a younger brother. After the separation, plaintiff went to live with her mother and father who also live on a farm near Lakeview, Michigan. Living at this home is a brother of plaintiff.

The record clearly sustains the trial judge in the granting of a decree of divorce to plaintiff by reason

of the several acts of cruelty committed by defendant. The report of the friend of the court shows that the homes of plaintiff's parents and defendant's mother, insofar as the physical surroundings are concerned, are each suitable for children to live in.

The substance of the trial court's opinion was that plaintiff is a proper person to have the care and custody of the younger child; and that defendant is a fit person to have the care and custody of the older child, despite the fact that defendant's treatment of plaintiff was such that she is entitled to a decree of divorce.

Section 12852, 3 Comp. Laws 1929 (Stat. Ann. § 25.311), provides in part:

"That in case of the separation of husband and wife having minor children, the mother of said children shall be entitled to the care and custody of all such children under the age of twelve years, and the father of such children shall be entitled to the care and custody of all such children of the age of twelve years or over."

In *Liebert* v. *Derse,* 309 Mich. 495, we said:

"We recognize the long-established rule that the best interest of the child is of paramount importance, *Martin* v. *Benzie Circuit Judge,* 200 Mich. 549; *In re Gould,* 174 Mich. 663, and that it is our judicial duty to safeguard his welfare and care, *Bird* v. *Bird,* 308 Mich. 230. However, we never have interpreted such rule so as to deprive a parent of the custody of his or her child, unless it was shown that the parent was an unsuitable person to have such custody."

In *Coyle* v. *Coyle,* 221 Mich. 76, we said:

"A girl of such tender years (about 7) should have the care and love of her own mother, and if she is a suitable mother the statute gives her this right."

See, also, *Burkhardt* v. *Burkhardt,* 286 Mich. 526.

The complaint made against plaintiff is that she neglected the care of the older child. The principal complaint is that plaintiff failed to keep the baby's bed and personal clothing dry, failed to give the baby proper baths, and failed to give the baby its proper formula for feeding. There is some testimony to support these claims, but we must have in mind that a child of tender years is liable to have its bed and clothing wet at unexpected moments. It is not at all improbable that the child could have had more personal attention from her mother if plaintiff had not been required to do the barnyard chores and run the tractor while she was carrying her second baby. The result of the decree is a separation of two young children who should be raised together under the guidance of the mother and with the love and affection that only a mother can give.

In coming to these conclusions, I have in mind that the paternal grandmother is a woman of advanced years; that plaintiff's health has greatly improved since she separated from her husband; and that plaintiff has a good home in which to rear the children.

A decree should be entered in the Supreme Court giving plaintiff custody of both children and the cause remanded for a determination of the amount that defendant should pay for the support and maintenance of both children. Plaintiff should recover costs.

Butzel, C. J., and North, and Dethmers, JJ., concurred with Sharpe, J.