SHIELDS *v.* SHIELDS.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.

In suit for divorce evidence *held,* to support finding of extreme and repeated cruelty on part of husband.

2. SAME—SETTING ASIDE DECREE—JUDGE'S UNWILLINGNESS TO GRANT SEPARATE MAINTENANCE.

A trial court's announcement of his unwillingness to sign a decree for separate maintenance is not, of itself, ground for treating as a nullity a plaintiff wife's subsequent agreement that her bill be amended to ask for a divorce.

3. HUSBAND AND WIFE—SEPARATE MAINTENANCE—AMENDMENT TO
PRAY FOR ABSOLUTE DIVORCE.

Wife who filed a bill for separate maintenance was entitled,
under the statute of amendments, to amend her bill to pray
for an absolute divorce pursuant to stipulation with defend-
ant in open court and with the court's permission (3 Comp.
Laws 1929, § 14144).

4. DISMISSAL AND NONSUIT—SEPARATE MAINTENANCE—COURT RULES.

Where suit for separate maintenance was commenced in 1944,
amended pleadings were filed in 1945 and hearing held in
1946, case was within period covered by 1945 court rule
barring discontinuance of suit after filing of cross bill except
by consent of defendant (Court Rule No. 38, § 1 [1945]).

5. DIVORCE—REHEARING—RESUBSTITUTION OF SUIT FOR SEPARATE
MAINTENANCE—COURT RULES.

Denial of motion for rehearing whereby plaintiff wife sought to
resubstitute a suit for separate maintenance for suit for di-
vorce after bill for separate maintenance had been amended in
open court and with consent of the court to stand as a bill for
absolute divorce *held*, without error under circumstances of
the case and in view of the attempted evasion of court rule
pertaining to discontinuance of suit only with consent of de-
fendant where cross bill has been filed (Court Rule No. 38,
§ 1 [1945]).

6. SAME—RECORD.

In suit wherein amended bill sought decree of absolute divorce,
decree granting plaintiff wife a divorce is affirmed under
record presented.

7. SAME—DIVISION OF PROPERTY.

Where defendant husband had inherited about $15,000 from his
father's estate, had a home determined to be worth $20,000,
about $4,000 worth of furniture and equipment and $15,000
on deposit in a bank, decree allowing most of the furniture
and $13,750 to the wife and imposing a lien therefor on the
residence is affirmed and an additional attorney fee of $200
awarded her.

Appeal from Wayne; Maher (Thomas F.), J.
Submitted June 3, 1947. (Docket No. 12, Calendar
No. 43,689.) Decided December 3, 1947. Rehearing
denied January 13, 1948.

Bill by Louisa Shields against Arlo William
Shields for separate maintenance. Cross bill by

defendant against plaintiff for divorce. Bill of complaint amended by stipulation in open court to pray for divorce. Decree of divorce granted. Plaintiff's motion for rehearing denied. Plaintiff appeals. Affirmed.

*Ralph E. Routier,* for plaintiff.

*Moll, Desenberg & Purdy,* for defendant.

REID, J. This is a divorce case. The parties were married February 23, 1929, and separated finally in 1944. There are no children of the marriage. Plaintiff was married and divorced prior to her marriage to defendant; defendant had not theretofore been married. Plaintiff filed a bill for divorce, December 16, 1943, which bill was dismissed upon a reconciliation being effectuated. Plaintiff filed a second bill for divorce, February 25, 1944. The latter bill was dismissed March 7, 1944, upon a reconciliation again being effectuated with monetary concessions to plaintiff.

The bill in the instant case was filed for separate maintenance, August 17, 1944. When the parties were practically through with the offering of testimony the trial judge stated that there was no showing why a divorce was repugnant to plaintiff, and stressed the fact that preceding the instant case plaintiff had filed two bills of complaint against the defendant asking for a divorce, and the trial judge indicated his unwillingness to grant plaintiff a decree of separate maintenance. Thereupon the parties held a conference with the court, after which it was stipulated in open court that plaintiff would withdraw so much of her bill of complaint as referred to separate maintenance and that the bill "be founded on the divorce statutes of this State" and "that there be substituted in the amended bill of

complaint and the original bill of complaint in the place and stead of a prayer for separate maintenance a prayer for the dissolution of the marriage between the parties and the granting of an absolute divorce.'' The stipulation was agreed to by plaintiff's attorney in open court with plaintiff's approval.

After a full presentation of the case and arguments, the court made its findings of fact, finding the material facts alleged in the bill to be true and that plaintiff was to be awarded a decree of divorce. The court found the residence of the parties to be worth $15,000, and made an award to plaintiff of furniture and $12,000. The testimony abundantly supported the finding of extreme and repeated cruelty.

Plaintiff was dissatisfied with the monetary award indicated in the findings and filed a motion to reopen the hearing of the cause, alleging that her consent to the prayer for divorce was made without due deliberation on her part and in effect claiming that the announcement by the court of the court's unwillingness to award a decree of separate maintenance unjustly caused her to consent to amend the prayer of the bill to pray for a divorce, and plaintiff requested the court to vacate and strike her stipulation to amend the prayer in her bill.

The motion to reopen was heard in full. The court found that the plaintiff ''was not caught by surprise by the stipulation; that it was done with her full knowledge.'' The court granted a rehearing limited to the subject of the value of the residence of the parties at 15435 Ashton road, Detroit, and proceeded to take testimony of witnesses as to the value of the said property. On such limited rehearing the trial court found that the value of the premises was at least $20,000, and granted plaintiff

most of the furniture and $13,750 instead of the $12,000 indicated in its original opinion.

Plaintiff appeals and asks this Court to vacate the decree of absolute divorce, to grant her a separate maintenance and, also, her attorney an additional fee.

In view of the nature of this case as shown by the testimony, the trial court evidently concluded that a decree of separation would not be conducive to the best interests of the parties and announced his unwillingness to sign such a decree. The announcement of such conclusion is not of itself ground for treating as a nullity plaintiff's subsequent agreement that her bill be amended to ask for a divorce.

In the case of *Jaquish* v. *Jaquish,* 314 Mich. 386, we had occasion to point out some of the rights of parties in a case similar, in many respects, to the case at bar, but the real controversy in the case at bar is not such as was involved in the *Jaquish Case.*

In the case at bar plaintiff was clearly within her rights in amending the bill of complaint to pray for an absolute divorce pursuant to stipulation with defendant in open court and with the court's permission.

The Michigan statute on amendments, 3 Comp. Laws 1929, § 14144 (Stat. Ann. §/27.838), reads in part as follows:

"SECTION 1. The court in which any action or proceedings shall be pending, shall have power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment or decree rendered therein."

While plaintiff did not after the finding was announced attempt to withdraw her bill of complaint entirely, yet her motion amounted in substance to an attempt to withdraw her divorce action and re-

substitute for it an action for separate maintenance. Such motion falls within the spirit though not the precise wording of our Court Rule No. 38, § 1, effective January 1, 1945, which is as follows:

"SECTION 1. The plaintiff may at any time, before answer filed, and on the payment of costs, discontinue his suit by notice of discontinuance filed in the cause and giving notice thereof to the defendant or his attorney. Thereafter he may discontinue, on the same terms, only (1) upon filing a stipulation to that effect signed by the defendant, or his attorney, or (2) on the order of the court or judge made on special motion in which the grounds for such discontinuance shall be set forth and which shall be supported by affidavit. After a recoupment, set-off or cross bill has been pleaded by a defendant no discontinuance against such defendant may be had except by consent."

Suit in the case at bar was begun in 1944, an amended answer and cross bill with the court's permission was filed June 8, 1945, and the hearing of the issues involved in the case occurred in 1946. This case is therefore within the period in which our present Court Rule No. 38, § 1, *supra,* has been in effect.

In *Merten* v. *Merten,* 279 Mich. 33, we decided in 1937 that a defendant (cross-plaintiff) might withdraw her cross bill under the circumstances as disclosed in that case, basing our decision on Court Rule No. 38, § 1, Michigan court rules (1933), which rule was amended April 20, 1938, effective January 1, 1939. Since the *Merten Case* was decided and before the case of *Goodspeed* v. *Goodspeed,* 300 Mich. 371, was started, the rule was amended to read as follows:

"Plaintiff may at any time, upon notice to the defendant or his attorney, and on the payment of costs, discontinue his suit by order filed in the *court,*

except where recoupment or set-off is asserted by the defendant; *and except where a defendant shall have entered upon his defense in open court, unless with the consent of the defendant. The like rule shall apply in respect to a party asserting a set-off, cross bill or cross declaration.*"

The italicized words were added by the 1938 amendment; the words not above italicized appeared in the 1933 court rule. In the *Goodspeed Case* we ruled, p. 374, that the trial court was in error in permitting the wife to withdraw her cross bill without her husband's consent and without payment of costs, the withdrawal being requested after testimony had been taken and after the court had announced his opinion.

Plaintiff in the case at bar could not without defendant's consent withdraw her suit for divorce and resubstitute a suit for separation after the filing of answer and cross bill. The court was without error under the circumstances of this case in denying her motion. Plaintiff's said motion was an attempt to evade our present Court Rule No. 38, § 1 (1945).

We determine that the decree so far as it granted plaintiff a divorce should stand.

Defendant received during the married life of the parties $15,000 inherited from his father's estate. At the time of the hearing his property consisted of the residence, found by the trial judge on the rehearing to be worth at least $20,000; he also had $15,000 on deposit in a bank and about $4,000 in furniture and equipment. A considerable portion of his assets represents part of the $15,000 inherited by him, which plaintiff did not assist him in accumulating.

A careful consideration of the record convinces us that for the purposes of property settlement the residence is worth $20,000. The decree appealed

from is affirmed, the allowance to the plaintiff of $13,750 is made' a lien on the residence property, 15435 Ashton road, and a $200 attorney fee is allowed plaintiff's attorney, in addition to fees heretofore allowed. A decree will enter in this Court in accordance herewith. Costs to defendant.·

Carr, C. J., and Butzel, Bushnell, Sharpe, Boyles, North, and Dethmers, JJ., concurred.