WOLFORD *v.* WOLFORD.

1. DISMISSAL AND NONSUIT—PLEADING—HEARING—CONSENT—STIPULATION.

Decree of divorce was properly entered in suit for divorce notwithstanding plaintiff's counsel had orally advised trial court of plaintiff's desire not to proceed after court had announced his decision, where answer and cross-bill, answer thereto, and reply to such answer had been filed, and hearing had been held, but no consent by defendant, stipulation, or order of court permitting discontinuance had been filed (Court Rule No 38 [1945]).

2. DIVORCE—EXTREME CRUELTY—PLEADING—EVIDENCE—DIVISION OF PROPERTY—ALIMONY—JURISDICTION AS TO CHILDREN.

Decree entered in husband's suit for divorce on ground of extreme cruelty *held*, fully justified by evidence adduced, and not to have been entered on the grounds of public policy, division of property not being inequitable whereby defendant wife was allowed real estate on which she was conducting a business, rights of plaintiff were recognized with reference to carrying on work in which he was engaged, defendant was granted $2,500 in lieu of alimony, and jurisdiction expressly reserved to make orders in the future with reference to the care, maintenance, and support of the 5 minor children.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation §§ 380–384.
Right of plaintiff, or of defendant, who has filed counterclaim or cross complaint, in action for divorce, separation, or annulment, to a voluntary dismissal or nonsuit.  138 ALR2d 1100.
[2] 17 Am Jur, Divorce and Separation §§ 46–87, 679.

Appeal from Cheboygan; Fenlon (Edward H.), J. Submitted April 2, 1963. (Calendar No. 13, Docket No. 48,730.) Decided May 9, 1963.

Bill by Barton Wolford against Joan Wolford for divorce on grounds of extreme and repeated cruelty, with cross-bill on similar grounds. Subsequent to hearing and opinion granting plaintiff divorce and denying defendant relief, plaintiff expressed desire not to proceed. Decree, submitted by defendant, entered. From order denying rehearing, plaintiff appeals. Affirmed.

*Harry W. Lower,* for plaintiff.

*Isackson & Beaudry,* for defendant.

CARR, C. J. Plaintiff herein, by bill of complaint filed January 13, 1961, sought a decree of divorce from the defendant, alleging as grounds for his cause of action acts of extreme and repeated cruelty on her part. The pleading averred that for some time defendant wife had been carrying on an association with a married man, referred to as Mr. X, such association involving continual communication by means of telephone and letters, and various meetings by prearrangement. Defendant filed answer denying the material averments of the plaintiff's pleading, and also a cross-bill seeking affirmative relief by way of a divorce decree and alleging conduct on the husband's part claimed to constitute extreme and repeated cruelty. Answer to such cross-bill was filed on behalf of plaintiff, to which the defendant filed reply.

Testimony with reference to charges and countercharges of the respective parties was taken on the hearing before the circuit judge. At the conclusion thereof the judge announced that a decree would

be granted to the plaintiff, that the cross-bill filed
by defendant would be dismissed, and suggested to
counsel for the parties that they endeavor to agree
on a property settlement. Apparently there was
some negotiation between the parties pursuant to
the suggestion of the court, and a decree was sub-
mitted to the court by counsel for defendant and
cross-plaintiff. At that time counsel for plaintiff
orally stated in open court that he was not in position
to approve the decree as drawn for the reason that
his client had advised him that he did not desire a
divorce.

The circuit judge hearing the matter approved
the proposed decree, and it was duly signed and
filed. According to its provisions the divorce was
granted to the plaintiff on the grounds alleged by him
in his bill of complaint, and custody of 5 minor chil-
dren was awarded to the defendant and cross-
plaintiff, the court specifically retaining jurisdiction
with reference to their care, custody, and support,
until they respectively reached the age of 21 years,
for the purpose of entering such further orders as
might be deemed necessary. Plaintiff was granted
rights of visitation at all reasonable times and
places. No provision for alimony was made, nor
for the making of payments for support of the minor
children.

The decree divided the property of the parties,
specifically giving to plaintiff certain described real
estate, including the family home, and tools and
appliances used in a septic tank business. Defendant
and cross-plaintiff was awarded a cottage that had
belonged to the parties, together with the furnishings
therein, and business property in Mackinaw City on
which she was engaged in conducting a gift shop,
together with personal assets used in connection
with said business. It was further decreed that
plaintiff should pay to defendant, in lieu of ali-

mony, the sum of $2,500. Provision was made for an attorney fee for counsel for defendant, and the decree was made effective upon the entry thereof in the office of the clerk of the court.

Plaintiff's motion for rehearing was denied, and he has appealed claiming that the circuit judge was in error in signing the decree submitted and causing it to be entered after being informed that plaintiff did not then want a divorce. As above indicated, the information as to plaintiff's changed attitude in the proceeding was given to the court orally by plaintiff's counsel. No claim is made that there was any consent to a dismissal of the case on the part of defendant and cross-plaintiff, nor that motion supported by affidavit was filed seeking such action. It is further claimed on behalf of appellant that the property settlement as set forth in the decree was inequitable and that the court was in error in not requiring that a fund, or property, be set aside for the purpose of insuring the support of the minor children. On behalf of defendant and appellee it is argued that the trial court acted properly in causing the decree to be entered, that the provisions thereof were fair to both parties, and that the trial court was not in error in denying plaintiff's motion for a rehearing.

At the time of the proceedings in circuit court Rule No 38 of the Michigan Court Rules of 1945 was in effect. Section 1 thereof is applicable in the consideration of the principal question raised on this appeal. It read as follows:

"The plaintiff may at any time, before answer filed, and on the payment of costs, discontinue his suit by notice of discontinuance filed in the cause and giving notice thereof to the defendant or his attorney. Thereafter he may discontinue, on the same terms, only (1) upon filing a stipulation to that effect signed by the defendant, or his attorney,

or (2) on the order of the court or judge made on special motion in which the grounds for such discontinuance shall be set forth and which shall be supported by affidavit. After a recoupment, set-off or cross bill has been pleaded by a defendant no discontinuance against such defendant may be had except by consent."

The interpretation and application of the section above quoted was considered in *Shields* v. *Shields,* 319 Mich 316, a divorce case. The plaintiff therein filed suit for separate maintenance. Subsequently, and on stipulation of the parties, the court permitted the bill of complaint to be amended in such manner as to request relief by way of a decree for an absolute divorce. After the completion of the proofs the judge hearing the matter made findings of fact and determined that plaintiff was entitled to such decree. Plaintiff was not satisfied with the property settlement that the court indicated should be made and requested leave to strike from the record the stipulation that had been made allowing her to amend the bill as originally filed. A partial rehearing with reference to the settlement was granted, but leave to amend by reinstating the prayer of the original bill for separate maintenance was denied. Plaintiff appealed from the decree of divorce filed. This Court determined that under Court Rule No 38, § 1, the ruling of the court was correct, and the decree was affirmed. In this connection it was said (p 322):

"Plaintiff in the case at bar could not without defendant's consent withdraw her suit for divorce and resubstitute a suit for separation after the filing of answer and cross bill. The court was without error under the circumstances of this case in denying her motion. Plaintiff's said motion was an attempt to evade our present Court Rule No 38, § 1 (1945)."

In *Unjian* v. *Unjian,* 344 Mich 423, a similar question was involved. There the plaintiff filed suit for divorce, defendant answering the bill of complaint. Following the taking of proofs the circuit judge hearing the matter announced that a decree would enter in favor of the plaintiff. Plaintiff then requested that her bill of complaint be dismissed, but the trial court refused to comply on the ground that the request came too late. Referring to *Coon* v. *Coon,* 163 Mich 644, and *Eisenbach* v. *Eisenbach,* 176 Mich 354 (Ann Cas 1917A, 1197) it was pointed out in the opinion of this Court that said cases had been decided before pertinent amendments to Court Rule No 38. On the authority of *Goodspeed* v. *Goodspeed,* 300 Mich 371; *Ratcliffe* v. *Ratcliffe,* 308 Mich 488; and *Hornbeck* v. *Hornbeck,* 316 Mich 208, it was held that the circuit court was right in denying plaintiff's attempt to discontinue the case after the filing of defendant's answer. As in the case at bar, the procedure specified by the language above quoted from section 1 of the rule was not followed. A like conclusion was reached in *Labadie* v. *Labadie,* 347 Mich 592. In view of the specific language of Court Rule No 38, and in accordance with the prior decisions of this Court interpreting it, the court in the instant case properly refused to act on the information furnished to him as to plaintiff's changed attitude with reference to his desire for a divorce, and was correct in entering a decree in accordance with the findings.

Under the testimony in the case we do not think that the decree of the circuit court should be set aside or modified. The evidence introduced on the hearing fully justified the granting of a divorce to plaintiff. While the court in his findings referred to the unhappy situation existing with reference to the attitude of the parties to the case, it may not be said that such decree was entered on the grounds of public

policy. Neither does it appear that the division of the property that the parties had acquired was inequitable. Defendant was allowed the real estate on which she was conducting a gift shop, thus leaving her in position to continue in that business. The rights of plaintiff were likewise recognized with reference to the carrying on of the work in which he was engaged. Defendant was granted $2,500 in lieu of alimony, and the court, as would appear proper under the circumstances disclosed by the record before us, expressly reserved jurisdiction to make orders in the future with reference to the care, maintenance, and support of the minor children, if conditions so required. We cannot say that we would have determined the matters at issue differently had we been in the place of the circuit judge.

The decree entered in circuit court is affirmed. Appellee may have costs.

DETHMERS, KELLY, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred with CARR, C. J.

BLACK, J. (*concurring*). I concur in affirmance. In divorce proceedings, most certainly when they involve the rights and the future of minor children, the specific nature of the decree to be entered becomes the ultimate responsibility of the court regardless of belated as well as original prayers and appeals for relief. So long as no statute is violated by the decree, and so long as the provisions thereof are consistent with the established principles of equity, dissatisfaction of a party with the decreed property settlement does not call for appellate meddlement. Neither does such dissatisfaction justify holding that the vexed party—the party who voluntarily engaged the jurisdiction to obtain an absolute divorce—may change his mind at close of proofs and say he does not want a divorce. It is for the

court, and the court only, to say whether such a decree shall be entered on the completed record.

All here agree that the matters at real issue doubtless would have been determined likewise had we been seated in the place of the hearing chancellor. In these circumstances affirmance is in order.