LE BLANC *v.* LE BLANC.

DIVORCE—HABITUAL DRUNKENNESS—EXTREME CRUELTY—EVIDENCE
   —SUFFICIENCY.
   On husband's appeal from a decree granting a divorce to
   the wife and turning their property over to a receiver
   to be sold and divided between them equally, evidence as
   to the husband's habitual drunkenness and extreme cruelty
   *held*, insufficient to sustain the decree.

Appeal from Wayne; Hart (Ray), J., presiding.
Submitted June 5, 1924.   (Docket No. 41.)   Decided
July 24, 1924.

Bill by Elizabeth LeBlanc against Barney LeBlanc
for a divorce.   From a decree for plaintiff, defendant
appeals.   Reversed, and bill dismissed.

*Clark, Emmons, Bryant & Klein,* for plaintiff.
*Samuel H. Rhoads,* for defendant.

CLARK, C. J.   The decree granted divorce, turned
the property, principally real estate held by the en-
tireties, over to a receiver to be sold, with direction
to divide equally between the parties what may remain
after payment of certain debts and the charges and
expenses of receivership.   Defendant has appealed.
   Defendant is a decorator.   Since the marriage the
parties have conducted a small store, selling wall
paper, paint and varnish.   Plaintiff had charge of
the store, and has been provided, sufficiently, with
funds from receipts at the store.   Defendant has done
the outside work of decorating, papering, etc.   Both
are thrifty and industrious.   They have worked hard,
too hard.   They have accumulated property valued

For authorities passing on the question as to who is an
habitual drunkard within the meaning of divorce laws, see notes
in 6 L. R. A. (N. S.) 914; 40 L. R. A. (N. S.) 655.
   On cruelty as grounds for divorce, see notes in 18 L. R. A.
(N. S.) 303; 34 L. R. A. (N. S.) 360.

at about $75,000.    There are no minor children. Two daughters were born and reared.    The parties were married in 1897.    Plaintiff's mother and perhaps others of her family were hostile to the marriage. The hostility seems to have endured.    Plaintiff left home May 15, 1922, and filed bill for divorce the following day.    There was no considerable trouble at the time.    She was ill and nervous, suffering a change peculiar to women of about her age, 46 years. She testified, extravagantly, that defendant was an habitual drunkard.    Her mother, her witness, in effect contradicted plaintiff's testimony in this regard.    The parties drank beer to some extent prior to 1918.    Since then defendant has procured grape juice, which, in their home, has been converted into wine, and which has been used by defendant and other members of the family.    The charge of habitual drunkenness is refuted by the testimony of disinterested witnesses, and by nearly all the testimony except that of plaintiff herself.    This charge is not sustained.    A charge of extreme cruelty in their private relations, which need not be discussed, is likewise not sustained.    Other claimed acts, such as using at times unkind and improper language, petulantly refusing at one time to employ a doctor, and complaining occasionally, are urged as extreme cruelty.    Defendant may not have been as kind, as considerate, and as patient as he ought to have been, especially while plaintiff was ill, but the conduct proved against him falls far short of being extreme cruelty and a cause for divorce.    Nothing more is shown than ordinary manifestations of ordinary human infirmities.

"As has well been said, the husband and wife are bound to exercise greater efforts for removing misapprehension, allaying quarrels, smoothing the road to concord, and effecting reconciliation, than are people in other relations of life.    The marriage status is not

merely contractual so as to entitle each of the parties to demand the strict letter of the bond. It is a status wherein the law operates upon the weakness as well as the strength of human nature, and it will not be dissolved except for grave and substantial causes." 9 R. C. L. p. 337.

We think divorce should not be granted. Nor should their property, which they are both fully able to manage, be impaired by a receivership.

The decree is reversed and the bill is dismissed, without costs.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.