BOLTHUIS *v.* BOLTHUIS.

1. APPEAL AND ERROR — CHANCERY CAUSES HEARD DE NOVO ON APPEAL.

The Supreme Court, on appeal, hears chancery causes *de novo*, and must decide them on its own consideration, although the opinion of the circuit judge, who had the advantage of seeing and hearing the witnesses, should be given due consideration.[1]

2. DIVORCE — EXTREME CRUELTY — BILL SHOULD BE DISMISSED WHERE CHARGE NOT SUSTAINED.

Where, in a wife's suit for divorce on the ground of extreme cruelty, she failed, on the whole record, to sustain the burden of proof, the bill should be dismissed.[2]

3. SAME — PUBLIC POLICY DOES NOT REQUIRE DEFENDANT TO BE FOUND GUILTY WHERE CHARGE NOT SUSTAINED.

That the parties may not live together again gives no right or reason, grounded in public policy, to find defendant guilty as charged and to fasten on him indefinitely the burden of alimony or allowances.[3]

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 8, 1926. (Docket No. 71.) Decided March 20, 1926.

Bill by Nan Bolthuis against George Bolthuis for a divorce. From a decree for plaintiff, defendant appeals. Reversed, and bill dismissed.

*Carpenter & Jackson,* for plaintiff.

*Cross, Foote & Sessions,* for defendant.

CLARK, J. The parties married on September 12, 1924, separated on October 8th, and this bill was filed by the wife on October 14th of the same year. De-

---

[1]Appeal and Error, 4 C. J. §§ 2867, 2868; [2]Divorce, 19 C. J. § 375; [3]Id., 19 C. J. § 375.

Extreme cruelty as grounds for divorce, see notes in 18 L. R. A. (N. S.) 303; 34 L. R. A. (N. S.) 360.

fendant answered. She was employed as a stenographer. He was an employee of a malleable iron company at $30 per week. For about three weeks after the marriage, they lived with the husband's parents, the wife continuing in her employment. There was no trouble during this period. He spent his evenings in cleaning, varnishing, and decorating the dwelling, which was to be their home. On October 4th the dwelling was furnished, equipped and ready for occupancy. They moved in and she took up the duties of housewife. She seems to have been somewhat inexperienced in cooking. He aided considerably. Their only quarrel was on the day she left. She charges extreme cruelty. The high spots of her testimony to support the charge are, that he complained of wasting coffee and matches, that he laughed at her effort to make a cake, that he said, "you are a hell of a wife," that the quarrel was over her proposal to bring an article belonging to her sister into the house, and

"he said he didn't want anybody else's property in the house, said if I brought it home he would throw it out and I said if you do I will go too. He said, 'Go right away, and remember you can't come back.'"

Of her leaving she testified:

"When I left I certainly did expect to come back, in a way."

She went to her mother's home. He called promptly and asked her to return. They embraced and kissed. But her sister was hostile and interfered. His father testified, and is not contradicted, that he called at the home of plaintiff's mother and requested plaintiff to return, we quote:

"I was standing at the step; her sister came in and said, 'Nan, don't go out there.' She came out in the car with me and we talked a little and she says, 'I will go in and get my hat and go back with you.' I said,

'All right,' so she got out of the car and went into the house to get her hat and I could see her sister and mother talking pretty strong to her by the motions they were going through, and she came out and said, 'I don't think I will go back with you, I think I will think it over tonight.' I said, 'Nan, you know the longer such things drag the worse they get.' I says, 'You better go back and talk it over, and if you want to come back home and sleep for the night I will take you back home.' She finally said, 'I will go and get my hat,' and she started into the house and her sister came out and said, 'Mr. Bolthuis, you want to go right out, Nan is not going back, always had a good home, going to stay here, no use talking. Move off the street, if you don't there will be further trouble.' "

Plaintiff was the only witness in her behalf. Defendant and his parents testified. The version of the quarrel, given in defense, is contradictory of plaintiff. Defendant denied that he had said that she was "a hell of a wife," and that he had told her to leave. A child was born before the hearing. Plaintiff had decree for divorce, alimony and allowances. Defendant has appealed.

The circuit judge had the advantage of seeing and hearing the witnesses. We have given his opinion due consideration. But we hear the cause *de novo,* and must decide on our own consideration.

Plaintiff became discontented in their home. As a stenographer, she had been associated with people of affairs. In her new field she was subject to the round of domestic economy and service necessary to live and maintain the home on an income of $30 per week. She said, "she realized she had left a soft snap." She left home in a huff intending to return. It is fairly inferable that she would have returned but for meddling of her sister.

It is said in 9 R. C. L. p. 337:

"As has well been said, the husband and wife are bound to exercise greater efforts for removing misapprehension, allaying quarrels, smoothing the road to

concord, and effecting reconciliation, than are people in other relations of life.     The marriage status is not merely contractual so as to entitle each of the parties to demand the strict letter of the bond.     It is a status wherein the law operates upon the weakness as well as the strength of human nature, and it will not be dissolved except for grave and substantial causes."

Assuming, but not conceding, that by her testimony she made a *prima facie* showing of extreme cruelty, it must be held, on the whole record, that she has not sustained the burden of proof, has failed to establish any grave or substantial cause for divorce.     That being so, the bill should be dismissed.     *LeBlanc* v. *LeBlanc*, 228 Mich. 74.     That the parties may not live together again gives no right or reason, grounded in public policy, to find defendant guilty as charged and to fasten on him indefinitely the burden of alimony or allowances.

The decree is reversed and the bill is dismissed, without costs.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.