KLOET *v.* KLOET.

1. DIVORCE—EXTREME CRUELTY.
   Acts of extreme cruelty as a cause for divorce must be such as to render further marital relations intolerable.

2. SAME—DESERTION—EXTREME CRUELTY.
   Husband's bill for divorce alleging desertion and extreme cruelty, and wife's cross-bill alleging extreme cruelty should both have been dismissed where the record shows that the desertion had not continued for the statutory period as a ground for divorce, and the acts of extreme cruelty alleged by both parties were not so serious as to justify suspension of marital relations.

Appeal from Newaygo; Barton (Joseph), J. Submitted October 10, 1928. (Docket No. 138, Calendar No. 33,553.) Decided December 4, 1928.

Bill by Cornelius Kloet against Delores Kloet for a divorce. Defendant filed a cross-bill for a divorce. From a decree for plaintiff, defendant appeals. Reversed, and bill and cross-bill dismissed.

*Cross, Foote & Sessions,* for defendant.

McDONALD, J. This is an appeal from a decree in which the plaintiff was granted a divorce. The parties were married on the 24th of November, 1925. They lived together on a farm in the county of Newaygo for about four months, when the defendant left and returned to the home of her parents in Fremont. On September 17, 1926, the plaintiff filed a bill for divorce in which he charged her with desertion and cruelty. She answered with a denial of the charges, and in a cross-bill asked for a divorce

Indignities rendering condition intolerable, or life burdensome, as ground for divorce, see annotation in 18 L. R. A. (N. S.) 308.

on the grounds of cruelty. The court granted a decree to the plaintiff.

We cannot agree with the conclusion reached by the circuit judge. There is a total lack of evidence to justify his decree. Apart from leaving his home without cause, the only act of cruelty charged against the defendant was that she circulated untrue stories concerning him which put him in a false light among his friends and neighbors. This charge was not supported by the evidence, and the court so found. It is true that she deserted him, but that had not continued for a sufficient length of time to constitute a ground for divorce. No other acts of cruelty were charged or proven.

On her part, the defendant failed to show any misconduct of the plaintiff that would amount to extreme cruelty. They had some differences, and, if the defendant's story is to be believed, he was not always as kind and considerate as he should have been; but there was nothing sufficiently serious to justify a suspension of their marital relations. Acts of extreme cruelty as a cause for divorce must be such as to render further marital relations intolerable. There is nothing of that nature in this case. What Chief Justice CLARK said in *Le Blanc* v. *Le Blanc*, 228 Mich. 74, very aptly applies to this record:

"Nothing more is shown than ordinary manifestations of ordinary human infirmities."

A divorce should not be granted to either party.

A decree will be entered in this court in harmony with this view of the case. The defendant will have costs and an attorney fee of $100.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.