SMITH *v.* SMITH.

1. DIVORCE—NON-SUPPORT—EXTREME CRUELTY—EVIDENCE.
   In proceedings for divorce by wife against husband with whom she had lived happily for about 30 years and who had contributed toward her support as well as his means would allow, evidence *held,* insufficient to support charges of nonsupport and extreme cruelty.

2. COSTS—DIVORCE—REVERSAL OF DECREE FOR WIFE.
   No costs are allowed husband upon reversal of decree for divorce in favor of wife.

Appeal from Kent; Perkins (Willis B.), J. Submitted June 11, 1935. (Docket No. 72, Calendar No. 38,403.) Decided September 9, 1935.

Bill by Lodicia Smith against William L. Smith for a divorce on grounds of extreme cruelty and nonsupport. From decree for plaintiff, defendant appeals. Reversed and bill dismissed.

*Dean S. Face,* for plaintiff.

*Dunham & Sherk,* for defendant.

EDWARD M. SHARPE, J. This is a suit for divorce on the grounds of nonsupport and extreme cruelty. In the circuit court decree was granted plaintiff on both grounds with an award of alimony and certain real estate jointly owned by the parties hereto.

The facts in this case are that the parties were married in 1893, plaintiff is now 64 years of age and defendant 61. They have one son now 38 years of age. For many years defendant has been an industrious, hardworking man and in the fall of 1922 was elected sheriff of Kent county and served in that capacity for four years. During the summer of 1922, plaintiff's brother, Percy B. Nicholson, being without work, came with his wife, Lillian Nicholson, to live with plaintiff and defendant. It was at this time that defendant was making his campaign for sheriff and was assisted by Mrs. Nicholson. After defendant assumed the office of sheriff, Mr. Nicholson was engineer at the jail and Mrs. Nicholson was often seen driving with defendant about the city of Grand Rapids and also to Ludington where her relatives lived. In the bill of complaint filed by plaintiff the principal charge of cruelty is that there was improper conduct between defendant and Mrs. Nicholson. We have examined the record and find this so-called improper conduct consisted of defendant and Mrs. Nicholson being seen frequently together and upon one occasion embracing each other.

In our opinion, these charges have not been sustained upon the part of plaintiff. We are also satisfied that the defendant has contributed to the support of plaintiff as well as his means would allow. We are not unmindful of the fact that a man of his age without any special training finds difficulty in obtaining gainful employment. As we view the record, we find that both plaintiff and defendant lived happy and useful lives from the time of their mar-

riage until about 1923, and it is now apparent that they have grown somewhat tired of each other, but such a condition is not grounds for divorce.

The bill of complaint is dismissed, without costs as to either party.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.