MACIAS *v.* MACIAS.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.

Determination of trial judge that 25-year-old plaintiff wife was not entitled to divorce from 49-year-old husband on ground of extreme cruelty is not disturbed under record presented, where it appears that plaintiff failed to sustain her burden of proof in that defendant's jealousy and accusations as to her conduct were not entirely without foundation and it was shown that plaintiff's dissatisfaction was due, in part, to difference in ages of the parties.

2. SAME—COSTS.

No costs are allowed upon affirmance of decree dismissing plaintiff wife's bill for divorce.

Appeal from Oakland; Doty (Frank L.), J. Submitted June 12, 1952. (Docket No. 76, Calendar No. 45,383.) Decided September 3, 1952.

Bill by Eva L. Macias against Abigay Macias for divorce on ground of extreme cruelty. Decree for defendant. Plaintiff appeals. Affirmed.

*Verne C. Hampton,* for plaintiff.

*William John Beer* (*John B. Osgood,* of counsel), for defendant.

CARR, J. This suit was instituted by plaintiff in circuit court for the purpose of obtaining an absolute

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Divorce and Separation § 63 *et seq.*
[1] Accusation of improper relations as cruelty constituting ground for divorce or separation. 143 ALR 623.

divorce from the defendant. The parties were married on or about the 9th of February, 1943, and according to plaintiff's allegations in her bill of complaint they lived together as husband and wife until 2½ months prior to the filing of said bill on July 26, 1950. There were 2 children of the marriage, the older being 8 years of age at the time of the trial of the case in circuit court on April 6, 1951, and the younger 4 years of age at that time.

Plaintiff charged that defendant had been guilty of extreme and repeated cruelty toward her in that he had failed to furnish a proper home for her and the children, that he found fault with her concerning money matters, that he drank intoxicants to excess, that he falsely accused her of improper associations with other men, and that he had stated that he did not care for her and wanted a divorce. Defendant by answer denied that he had been guilty of extreme and repeated cruelty toward the plaintiff. He further asserted in his pleading that he wished to become reconciled, and that he still had affection for plaintiff notwithstanding conduct on her part subversive of the marital relation. He further alleged that plaintiff had failed to properly care for the children of the parties.

Following a hearing the trial court came to the conclusion that plaintiff had failed to establish her right to the relief sought and entered a decree dismissing the bill of complaint. Plaintiff has appealed, asserting that the holding of the trial judge was erroneous and not in accord with the evidence in the case. This Court is asked to enter a decree in plaintiff's favor on the basis of the record before us.

At the time of the trial plaintiff was 25 years of age, and defendant 49. At the time of the marriage she was 17. According to her testimony the parties lived together for approximately 8 months before

they were married. Defendant was born in Mexico, but it does not appear that the parties had trouble because of racial differences. He became a naturalized citizen of this country prior to the bringing of the divorce action. It does appear, however, that plaintiff's dissatisfaction with defendant arose in part from the fact that he was approximately 24 years older than she. The following testimony given by her on her cross-examination is significant:

"*Q*. Is the real reason you want a divorce because your husband is 25 years older than you?
"*A*. Not altogether.
"*Q*. Your major reason?
"*A*. Not altogether.
"*Q*. That is a reason?
"*A*. That is 1 of the reasons."

Plaintiff further stated that another reason for her seeking a divorce was her dissatisfaction with the home surroundings. At the time of the separation of the parties they were living in the home of plaintiff's grandmother, where they had been for approximately 18 months. The grandmother was a witness for defendant on the trial, testifying to the arrangement under which the parties to the case shared her home and stating further that she had never heard any quarrels or arguments between plaintiff and defendant until shortly before plaintiff left. The witness testified also to statements by plaintiff indicating her dissatisfaction because of defendant's age, and to the conduct of the parties in seeking recreation nights and Sundays.

The record fairly indicates that defendant worked whenever he could find employment. It was his claim that prior to 1949, when he was unemployed for several months, he customarily turned over his paychecks to the plaintiff and that she used the money for the expenses of the household and for her own

purposes. It was his claim further that at one time, after having been steadily employed for several years, he had approximately $1,800 in bonds, which he gave to plaintiff to keep. It was his desire to save a sufficient amount of money to enable the parties to purchase a home. He testified further that plaintiff, without his knowledge, cashed the greater portion of the bonds and used the money for such purposes as she desired.

The evidence in the case indicates clearly that the parties were not provident in their financial matters, that each indulged in the use of intoxicating liquors, and that they habitually attended places of amusement. Plaintiff complains of defendant's failure to establish a permanent home, although for about a 4-year period during the time that they lived together they occupied a house that they had rented. At other times they lived with relatives of the plaintiff, but it does not appear that such situation contributed materially to plaintiff's dissatisfaction. The conclusion is fully justified that the failure to establish a permanent home was not entirely defendant's fault. Neither may it be said that he was solely responsible for the quarrels in which the parties indulged from time to time. Plaintiff admitted in her testimony that, after the separation of the parties, she had associated to some extent with a man other than the defendant. Other testimony indicates that plaintiff visited a certain man who was at the time an inmate of the Oakland county jail. It appears that defendant's jealousy and the accusations of which she complained in her bill of complaint were not entirely without foundation.

On the trial of the case the claims of the parties were contradictory in many material respects. The determination of issues of fact involved in the controversy depended largely on the credibility of the witnesses, particularly the parties to the case. The

trial judge, after listening to the proofs and noting the demeanor of the witnesses in court, came to the conclusion that the plaintiff had not met the burden resting on her, and that in consequence she was not entitled to relief. Our examination of the record does not convince us that we would have reached a different conclusion had we been in the position of the trial judge. In consequence, his determination should not be set aside. *Chubb* v. *Chubb,* 297 Mich 501; *Wells* v. *Wells,* 330 Mich 448. Plaintiff's testimony, corroborated in some respects by her witnesses, might perhaps be deemed sufficient to establish a prima facie case in her favor, but on the entire record it must be said that she has failed to sustain by the requisite degree of proof the grounds for divorce alleged in her bill of complaint, or any of such grounds. *Bolthuis* v. *Bolthuis,* 233 Mich 584.

The decree of the trial court is affirmed, but without costs.

DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.