## UNJIAN v. UNJIAN.

1. DISMISSAL AND NONSUIT—ANSWER—STIPULATIONS—COURT RULES.
   Discontinuance of a suit for divorce may not be had after defendant has filed his answer, under present court rules, except upon stipulation with defendant or on order of court made upon special motion supported by affidavit setting forth sufficient grounds for dismissal (Court Rule No 38, § 1 [1945]).

2. DIVORCE—DISMISSAL—COURT RULES.
   Denial of plaintiff's motion to dismiss her bill for divorce after defendant had filed his answer and proofs had been taken was correct, where there was no stipulation with defendant that such action be taken nor supporting affidavit shown to have been filed as required by pertinent court rule (Court Rule No 38, § 1 [1945]).

3. SAME—EXTREME CRUELTY—UNRULY TEMPERS—MUTUAL WRANGLINGS.
   Unruly tempers or mutual wranglings, which may render life of parties to a marriage unhappy but which do not entirely subvert the family relation by rendering the association intolerable, do not establish extreme cruelty justifying decree of divorce.

4. SAME—EXTREME CRUELTY—EVIDENCE.
   Plaintiff wife *held*, not to have been entitled to divorce granted her on ground of extreme and repeated cruelty under evidence presented.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur, Dismissal and Discontinuance §§ 20, 21; 17 Am Jur, Divorce and Separation § 347 *et seq.*
[3] 17 Am Jur, Divorce and Separation § 48 *et seq.*
[4] 17 Am Jur, Divorce and Separation § 401.
[5] 17 Am Jur, Divorce and Separation § 13.
[6] 17 Am Jur, Divorce and Separation § 241 *et seq.*
[7] 3 Am Jur, Appeal and Error §§ 815, 895.
[8] 17 Am Jur, Divorce and Separation § 575 *et seq.*

5. SAME—STATE AS PARTY.
   The State is a party to every divorce proceeding.

6. SAME—JURISDICTION—STATUTES.
   A divorce cannot be had except in that court upon which the State has conferred jurisdiction and then only for those causes and with those formalities which the State has by statute prescribed.

7. SAME—SUPREME COURT—DE NOVO HEARING—EVIDENCE.
   It is incumbent upon the Supreme Court, in the furtherance of public policy and protection of the interests of the State regardless of the wishes of the parties or of who raises the question, to deny a decree of divorce where the proofs are insufficient to establish grounds therefor, as the Supreme Court hears the case de novo.

8. SAME—COSTS.
   No costs are allowed, where decree for wife is set aside on her appeal from decree entered after she had moved to dismiss her bill of complaint.

Appeal from Oakland; Doty (Frank L.), J. Submitted October 5, 1955. (Docket No. 29, Calendar No. 46,523.) Decided December 28, 1955.

Bill by Isabelle Unjian against Arda Unjian for divorce. After hearing and decision granting her prayer, but before entry of decree, plaintiff *in propria persona* attempted to dismiss case. Decree of divorce entered on defendant's motion. Plaintiff appeals. Reversed and decree ordered entered dismissing bill.

*Louis Rosenzweig,* for plaintiff.

*William K. Kreston* and *George F. Taylor,* for defendant.

DETHMERS, J. Plaintiff filed a bill for divorce. Defendant filed an answer but no cross bill. At the

conclusion of proofs taken thereon the court announced that plaintiff might have a decree of divorce. Before decree entered plaintiff requested that her bill of complaint be dismissed, but the court replied that she was too late.    Cited in support of her claimed right to dismiss at that juncture are *Coon v. Coon,* 163 Mich 644; and *Eisenbach* v. *Eisenbach,* 176 Mich 354 (Ann Cas 1917A, 1197).    Since those cases were decided, Michigan Court Rule No 38, § 1, has twice been amended.    Under its present provisions and our construction thereof in *Goodspeed* v. *Goodspeed,* 300 Mich 371; *Ratcliffe* v. *Ratcliffe,* 308 Mich 488; and *Hornbeck* v. *Hornbeck,* 316 Mich 208, plaintiff could  no longer discontinue after filing of defendant's answer, except upon stipulation with defendant or on order of the court made upon special motion supported by affidavit setting forth sufficient grounds for dismissal.    The rule not having been complied with, the trial court was correct.

Ought a decree of divorce to have been granted plaintiff?    The sum of her uncorroborated testimony to support her charge of extreme and repeated cruelty consisted of the following:

"I stated in my bill of complaint that my husband has been guilty of acts of extreme and repeated cruelty.    Well, his relatives criticized me in the presence of his friends and he never defended me, and, in May, 1952, while at a musical at our church, in which I partook in making background scenery for the church, and I took an interest in attending the musical and shortly after we left this program we were naturally being greeted by our other church members, and it seemed to—my husband scolded me when he saw me in the presence of all these people and wanted me to shorten my little visit with them and put up a very, very nervous theme in the

presence of my mother and our friends and it seemed as if he wanted me to work and help him anyway in his business. I did that willingly, but it seemed something bothered him. He wanted me to just work and just because they were working he thought I should work too, and I had—I was living in a nice neighborhood and I worked in the post office and I think I lowered myself just because he wanted me to work—he wanted me to work in the Franklin post office, and it seemed as if, during my brother's wedding, which was a year ago—last year—I had come to California for a funeral previously and I had seen my father's grave there, which I had promised my mother to do—it was a very gruelling trip—I rushed back within a week and a half to attend my brother's wedding—it was all strenuous and attended the wedding ceremony, and, shortly after the ceremony, at the time of the reception my husband wanted me to talk to them, which we did and we discussed that he didn't want to continue our marriage, he was very unhappy, the responsibility was too great for him and therefore he created a great disturbance and at a time like that. I didn't know what to think or what to do."

In *Brewer* v. *Brewer,* 295 Mich 370, 373, this Court quoted with approval from *Cooper* v. *Cooper,* 17 Mich 205, 210 (97 Am Dec 182):

"The law does not permit courts to sever the marriage bond, and to break up households, merely because parties, from unruly tempers or mutual wranglings, live unhappily together. It requires them to submit to the ordinary consequences of human infirmities, and of unwise selections, and the misconduct which will form a good ground for a legal separation must be very serious, and such as amounts to extreme cruelty, entirely subverting the family relations by rendering the association intolerable."

The quoted testimony in the instant case did not make out a case of extreme and repeated cruelty en-

titling plaintiff to divorce. See, also, *Root* v. *Root,* 164 Mich 638 (32 LRA NS 837); *LeBlanc* v. *LeBlanc,* 228 Mich 74; *Kloet* v. *Kloet,* 244 Mich 675; *Smith* v. *Smith,* 272 Mich 348; *Whitman* v. *Whitman,* 286 Mich 458. Defendant says that this question may be raised on appeal by the party against whom the divorce was granted, but not, as here, by the party who sought and obtained a divorce. Such view disregards the fact that the State is a party to every divorce proceeding. As this Court said in *Ritzer* v. *Ritzer,* 243 Mich 406, 410:

"While marriage is in a very important sense a contract, it is also a relation governed by the rules of public policy which apply to no mere private agreements. *Leavitt* v. *Leavitt,* 13 Mich 452. Ordinary private contracts may be dissolved by consent of the parties. Marriage may be dissolved only with the consent of the State (which is interested in the care of the parties and of their children), or by the death of one or both of the parties. The consent of the State may be directly given by special legislative enactment, unless prohibited by constitutional provision as in Michigan, or by general laws specifying the conditions under which divorce may be granted, leaving the ascertainment of the existence of those conditions to the judicial department. The State being a party to every divorce proceeding (*Robertson* v. *Robertson,* 178 Mo App 478 [163 SW 266]; *Yeager* v. *Yeager,* 43 Ind App 313 [87 NE 144]; *McIntyre* v. *McIntyre,* 9 Misc 252 [30 NYS 200]), 'a divorce cannot be had except in that court upon which the State has conferred jurisdiction and then only for those causes and with those formalities which the State has by statute prescribed.' 19 CJ, p 19."

Divorce may only be had when the statutory grounds have been established. We hear the case *de novo* and, upon finding the proofs insufficient to

·establish such grounds, it is incumbent upon this Court, in furtherance of public policy and protection ·of the interests of the State, regardless of the wishes of the parties or of who raises the question, to deny a decree of divorce.

Decree below reversed and set aside. A decree may enter here dismissing the bill of complaint. Under the noted circumstances of this appeal, no costs.

Carr, C. J., and Butzel, Smith, Sharpe, Boyles, Reid, and Kelly, JJ., concurred.