GROBER v. GROBER

DIVORCE—GROUNDS—CRUELTY.
> The grounds for granting a contested divorce for extreme cruelty must be serious and not merely the travails of living together (CL 1948, § 552.7).

Appeal from Wayne, Charles S. Farmer, J. Submitted Division 1 February 7, 1969, at Detroit. (Docket No. 5,720.) Decided February 28, 1969. Leave to appeal denied August 12, 1969. See 382 Mich 773.

Complaint by Anna Grober against Ben Grober for divorce. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Sugar, Schwartz, Silver, Schwartz & Tyler (Lawrence Warren,* of counsel), for plaintiff.

*Rosin & Kobel,* for defendant.

BEFORE: LESINSKI, C. J., and T. M. BURNS and KELLEY,* JJ.

PER CURIAM. Plaintiff wife, Anna Grober, sued for divorce on the ground of extreme cruelty, CL 1948, § 552.7 (Stat Ann 1957 Rev § 25.87). Upon

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation § 32 *et seq.*

completion of plaintiff's proofs, the trial court granted defendant's motion to dismiss the complaint, holding that plaintiff wife had failed to offer sufficient proof to establish her allegation of extreme cruelty.

The trial judge, in commenting on the proofs presented, stated in part as follows:

"The court does not feel that there is enough evidence to make out the case for divorce on the grounds of extreme cruelty against the defendant husband. The motion to dismiss is granted."

The grounds for granting a contested divorce for extreme cruelty must be serious and not merely the travails of living together. See *Unjian* v. *Unjian* (1955), 344 Mich 423, and the cases cited. We have examined the record in this matter dealing with the marital life of the litigants herein. The record discloses a marriage of some 40 years standing. The testimony reveals many differences between the parties; it also reveals discomfiture of plaintiff. Viewing the totality of the marriage as presented by the plaintiff in the light most favorable to the plaintiff, this Court is not persuaded that the trial court erred in dismissing the complaint.

Affirmed. Costs to appellee.